IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JOSE LUIS MELENDEZ, individually &
on behalf of all similarly situated,

    Plaintiff(s),

v.

HOTEL CLEANING SERVICES, INC.,

    Defendant.

## Complaint

    1.    The Plaintiff, Jose Melendez Velez, was employed as a manual laborer for Defendant, Hotel Cleaning Services, Inc.

    2.    Defendant conducts business in Colorado.

    3.    Plaintiff sues Defendant for unpaid overtime and statutory damages on his own behalf and on behalf of all similarly situated pursuant to 29 U.S.C. § 216(b) for violating 29 U.S.C. § 215(a)(2).

    4.    The persons similarly-situated to the named Plaintiff are all manual laborers who performed maintenance/janitorial functions for Defendant, who were paid a "day rate" and who were not paid proper overtime compensation when they worked more than forty (40) hours per week.

5. Defendant employs maintenance/janitorial workers in thirteen (13) cities nationwide, and more than half a dozen states. *See* http://hotelcleaningservices.com/contact/.

6. Defendant provides overnight cleaning services and sanitation to luxury hotels, resorts, spas, restaurants, and commercial facilities. http://hotelcleaningservices.com/about-hcs/.

7. Defendant markets itself as one of the "largest and most trusted Hotel Cleaning companies in the United States." *Id.*

8. Defendant's clients include but are not limited to: The Viceroy Hotels, Resorts and Residences; Four Seasons Hotels and Resorts; the Hilton; Montage; The Luxury Collection Starwood Hotels & Resorts; The Ritz Carlton; and Waldorff Astoria Hotels & Resorts. *Id.*

9. Defendant was an employer of Plaintiff.

10. Defendant has been the employer of numerous maintenance/janitorial workers.

11. The primary job duty of Defendant's maintenance/janitorial workers is to clean hotels.

12. Defendant's maintenance/janitorial workers are paid in a similar manner.

13. Defendant's maintenance/janitorial workers are not expected to clock in.

14. Defendant's maintenance/janitorial workers are paid a flat "day rate" for their work.

15. Defendant pays its maintenance/janitorial workers pursuant to the same pay policy.

16. Defendant's maintenance/janitorial workers are not paid by the hour.

17. Defendant does not keep track of the hours that its maintenance/janitorial workers work by the day.

18. Defendant does not keep track of the hours that its maintenance/janitorial workers work by the week.

19. Defendant's maintenance/janitorial workers are not paid overtime.

20. Defendant's Day Rate Pay Policy does not provide overtime pay for hours worked over forty in a workweek.

21. Defendant does not distinguish payment for work performed for regular hours and overtime hours.

22. Defendant treats all maintenance/janitorial workers, regardless of location, in the same manner as it relates to the payment of overtime.

23. Defendant's Day Rate Pay Policy violates the Fair Labor Standards Act (FLSA or Act).

24. Defendant has annual gross revenues of over $500,000 a year.

25. Defendant employs employees individually covered by the FLSA.

26. Defendant employs employees that handle goods or materials that move in interstate commerce, such as soap, bags, paper, chemicals and cleaning equipment.

27. Defendant is in the business of providing cleaning services to hotels and resorts catering to interstate clientele.

28. Defendant is an enterprise as defined by Section 3(r) of the FLSA.

29. Defendant is an enterprise engaged in commerce as defined by Section 3(s)(1) of the FLSA.

30. Defendant was Plaintiff's employer as defined by Section 3(d) of the FLSA.

31. Within the past three years Defendant has employed dozens of maintenance/janitorial workers throughout the United States that had similar job duties as Plaintiff.

32. Within the past three years Defendant has employed dozens of maintenance/janitorial workers throughout the United States that were paid pursuant to the same pay practice as Plaintiff.

33. Plaintiff and similarly situated maintenance/janitorial workers work overtime hours without overtime pay.

34. Any maintenance/janitorial worker that has worked more than forty hours in a week one or more times within the past three years without receiving overtime is similarly situated to Plaintiff.

35. Defendant has been aware of the FLSA for more than three years.

36. Defendant willfully violated the FLSA as it relates to maintenance/janitorial workers.

37. Defendant has acted in reckless disregard of the FLSA as it relates to its maintenance/janitorial workers.

38. Defendant has not relied upon any DOL Opinion letters in its decision to not pay its maintenance/janitorial workers overtime.

39. Defendant has not relied upon advice of counsel in its decision not to pay its maintenance/janitorial workers overtime.

40. Defendant has been aware of Section 11(c) of the FLSA for more than three years.

41. Defendant has not complied with Section 11(c) of the FLSA as it relates to its maintenance/janitorial workers.

42. Plaintiff worked overtime without receiving overtime pay.

43. Plaintiff and all similarly situated employees are entitled to overtime pay for overtime hours worked.

44. Defendant's maintenance/janitorial workers were subjected to the same pay policy by Defendant.

45. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

46. Venue exists because Defendant conducts business in, among other states, Colorado.

47.     Defendant does not possess the records required by 29 C.F.R. § 516.2 for Plaintiff and other similarly situated employees.

Wherefore, Plaintiff demands conditional class certification, notice of his claim to all similarly situated employees, a declaration that Defendant has violated Sections 7(a)(1), 11(c) and 15(a)(2) of the FLSA, judgment, unpaid overtime due to him and all similarly situated, liquidated damages to him and all similarly situated, interest if liquidated damages are not awarded, attorneys' fees and costs.

Respectfully submitted this 8th day of February, 2016,

*/s/ Bernard R. Mazaheri*
Bernard R. Mazaheri
Morgan & Morgan
20 N Orange Ave Ste 1600
Orlando, FL 32801
Telephone – (407) 420-1414
Email—BMazaheri@forthepeople.com

*Counsel for Plaintiff(s)*